# MEMORANDUM DECISIONS.

BROOKS v. PRATT. SAME v. GRAY et al. (Circuit Court of Appeals, First Circuit. June 18, 1902.) Nos. 399, 400. Appeals from the Circuit Court of the United States for the District of Massachusetts. Henry V. Cunningham (William G. Brooks, pro se, on the brief), for appellant. John L. Thorndike, for appellees. Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

COLT, Circuit Judge. Upon full consideration of the evidence, we have no doubt that Charles R. Gray and Frederick W. Gray, at the time they severally made the assignments to the defendant below, and for many years previous thereto, were of weak mind, and, in consequence, the easy subjects of undue influence. Further, in conformity with the principles and decisions of courts of equity both in this country and in England, we have no question that the relation of attorney and client, under the circumstances disclosed in these cases, renders the assignments invalid. To reverse the decree in these cases, as was said in Broun v. Kennedy, "would be to unsettle the law upon a point on which the best interests of society require that it should be absolutely adhered to." 4 De Gex, J. & S. 217, 222. In our judgment, these cases are free from doubt, and we need add nothing to the clear and comprehensive opinion of the circuit court. Decrees affirmed, and the costs of appeal are awarded in each case to the appellee.

HENDRYX et al. v. PERKINS. (Circuit Court of Appeals, First Circuit. June 10, 1902.) No. 378. Appeal from the Circuit Court of the United States for the District of Massachusetts. For former opinion, see 114 Fed. 801. Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

PER CURIAM. Having examined the petition for a rehearing which the appellee, Perkins, on April 29, 1902, moved for leave to file, the mandate then having issued, it is our determination that leave should not be granted. Judge ALDRICH, viewing the motion as addressed to the judges joining in the opinion of the court, takes no action thereon. Leave to the appellee to file petition for a rehearing denied.